UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES STROUSE,

    Plaintiff,

v.                                            Case No. 5:19-cv-211-Oc-39PRL

WARDEN, FCC COLEMAN - USP II,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a federal inmate, initiated this case by filing a pro se Writ of Mandamus (Doc. 1), in which he asserts he has been denied access to an operable typewriter and denied adequate time to prepare his legal documents. Plaintiff filed a second Writ of Mandamus, which this Court received on May 23, 2019 (Doc. 3). In the second writ, Plaintiff asserts he has been denied due process related to his lock-up in confinement and has been denied adequate cleaning supplies. In both writs, Plaintiff asserts prison officials refuse to file and process his grievances, frustrating his ability to exhaust his administrative remedies. As relief, Plaintiff seeks an order directing the institution to satisfy its obligations to him as stated in his writs.

A federal court may issue a mandamus order "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus is an extraordinary remedy controlled by equitable principles. See Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003). A plaintiff seeking mandamus relief must demonstrate (1) he has a clear right to the relief he seeks, (2) the defendant owes him a clear duty, and (3) he has no adequate remedy, meaning he "has

exhausted all other avenues of relief." Id. at 1258. A writ of mandamus is only appropriate in cases where "both the right to relief and the duty to act are clear." Davis v. United States, 558 F. App'x 898, 901 (11th Cir. 2014). A plaintiff should not pursue mandamus relief as a means of adjudicating a legal right; rather, "the purpose of the writ is . . . to enforce a right [that] has already been established." Id. (quoting United States v. Nordbye, 75 F.2d 744, 746 (8th Cir. 1935)).

Plaintiff has not demonstrated he is entitled to mandamus relief. He has not shown a clear duty, and he has an adequate remedy: he may initiate a civil rights complaint after he exhausts his available administrative remedies.[1]

Accordingly, it is

**ORDERED**:

1. Plaintiff's requests for mandamus relief (Docs. 1, 3) are **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** is directed to enter judgment, terminate any pending motions, and close the case.

4. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a case, he may do so on the enclosed form. He should not put this case number on the form, because the Clerk will assign a new case number upon receipt.

---

[1] Given Plaintiff's assertions that his efforts to file grievances have been frustrated, the Court notes that "[t]he PLRA requires prisoners who wish to challenge some aspect of prison life to exhaust all available administrative remedies before resorting to the courts." Abram v. Leu, 759 F. App'x 856, 859 (11th Cir. 2019) (emphasis added); see 42 U.S.C. § 1997e(a). However, the Court expresses no opinion as to the availability of Plaintiff's administrative remedies for purposes of the PLRA.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of May, 2019.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
James Strouse